# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

LAURA (CHRISTIE) GOODMAN, Individually )
and as Next Friend of TEHYA GOODMAN and )
MAKAYLEE GOODMAN )
                                      )
               Plaintiffs, )
                                      )
vs.                                      )      Case No. 4:11-cv-00258-FJG
                                      )
JLG INDUSTRIES, INC., HYDRAFORCE, INC., )
UNITED RENTALS, INC. BRYAN C. WANNER, )
KYLE KINTNER and CHARLES A. JOHR )
                                      )
               Defendants. )

## DEFENDANT HYDRAFORCE, INC.'S ANSWER TO
## PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW, defendant HydraForce, Inc. ("HydraForce"), by and through counsel of record, and for its Answer to Plaintiffs' First Amended Petition ("Amended Petition") states as follows:

### General Allegations

1.     HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

2.     HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 2 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

3.     HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 3 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

4. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 4 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

5. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 5 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

6. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 6 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

7. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 7 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

8. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 8 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

9. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 9 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

10. HydraForce admits the allegations contained in Paragraph 10 of Plaintiffs' Amended Petition.

11. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 11 of Plaintiffs' Amended Petition, therefore denies each and every

2

allegation contained therein.

12. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 12 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

13. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 13 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

14. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 14 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

15. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 15 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

16. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 16 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

17. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 17 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

18. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 18 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

3

19. HydraForce admits manufacturing hydraulic valves, but is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 19 of Plaintiffs' Amended Petition, therefore denies each and every remaining allegation contained therein.

20. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 20 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

21. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 21 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

22. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 22 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

23. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 23 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

24. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 24 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

25. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 25 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

26.     HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 26 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

27.     HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 27 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

28.     HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 28 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

29.     HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 29 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

30.     HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 30 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

31.     HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 31 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

32.     HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 32 of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

## COUNT I (Strict Liability-JLG Industries, Inc.)

33.     HydraForce, in response to Paragraph 33 of Plaintiffs' Amended Petition, restates and incorporates by reference its answers to Paragraphs 1 through 32 of Plaintiffs' Amended Petition.

34.     As Count I of Plaintiffs' Amended Petition, including Paragraphs 34, 35, 36, 37, 38, 39, and 40, including all subparagraphs, asserts a claim for relief against defendant JLG Industries, Inc. only and does not attempt to state a cause of action against HydraForce, HydraForce is not required to answer thereto.  To the extent an answer is required of HydraForce, it incorporates by reference its responses to all facts and allegations in its answer to Plaintiffs' Amended Petition as if fully set forth herein and denies all allegations contained in this Count.

## COUNT II (Negligence- JLG Industries, Inc.)

35.     HydraForce, in response to Paragraph 41 of Plaintiff's Amended Petition, restates and incorporates by reference its answers to Paragraphs 1 through 40 of Plaintiffs' Amended Petition.

36.     As Count II of Plaintiffs' Amended Petition, including Paragraphs 42, 43, 44, 45, and 46, including all subparagraphs, asserts a claim for relief against defendant JLG Industries, Inc. only and does not attempt to state a cause of action against HydraForce, HydraForce is not required to answer thereto.  To the extent an answer is required of HydraForce, it incorporates by reference its responses to all facts and allegations in its answer to Plaintiffs' Amended Petition as if fully set forth herein and denies all allegations contained in this Count.

## COUNT III (Failure to Warn- JLG Industries, Inc.)

37.     HydraForce, in response to Paragraph 47 of Plaintiff's Amended Petition, restates and incorporates by reference its answers to Paragraphs 1 through 46 of Plaintiffs' Amended Petition.

38.     As Count III of Plaintiffs' Amended Petition, including Paragraphs 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58 and 59, including all subparagraphs, asserts a claim for relief against defendant JLG Industries, Inc. only and does not attempt to state a cause of action against HydraForce, HydraForce is not required to answer thereto.  To the extent an answer is required of HydraForce, it incorporates by reference its responses to all facts and allegations in its answer to Plaintiffs' Amended Petition as if fully set forth herein and denies all allegations contained in this Count.

## COUNT IV (Res Ipsa Loquitor- JLG Industries, Inc.)

39.     HydraForce, in response to Paragraph 60 of Plaintiff's Amended Petition, restates and incorporates by reference its answers to Paragraphs 1 through 59 of Plaintiffs' Amended Petition.

40.     As Count IV of Plaintiffs' Amended Petition, including Paragraphs 61, 62, 63, 64, 65, 66, 67, and 68, including all subparagraphs, asserts a claim for relief against defendant JLG Industries, Inc. only and does not attempt to state a cause of action against HydraForce, HydraForce is not required to answer thereto.  To the extent an answer is required of HydraForce, it incorporates by reference its responses to all facts and allegations in its answer to Plaintiffs' Amended Petition as if fully set forth herein and denies all allegations contained in this Count.

## COUNT V (Strict Liability- HydraForce, Inc.)

41.     HydraForce, in response to Paragraph 69 of Plaintiff's Amended Petition, restates and incorporates by reference its answers to Paragraphs 1 through 68 of Plaintiffs' Amended Petition.

42.     HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 70 of Count V of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

7

43.     HydraForce denies the allegations contained in Paragraph 71, including subparagraphs (a) through (c), of Count V of Plaintiffs' Amended Petition.

44.     HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 72 of Count V of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

45.     HydraForce denies the allegations contained in Paragraph 73 of Count V of Plaintiffs' Amended Petition.

46.     HydraForce denies the allegations contained in Paragraph 74 of Count V of Plaintiffs' Amended Petition.

47.     HydraForce admits Plaintiffs sustained damage as a result of decedent's death, but denies any wrongdoing on the part of Hydraforce as to the cause of the alleged damages and denies the extent of the alleged damages as contained in Paragraph 75 including subparagraphs (a) through (c)(iv) of Count V of Plaintiffs' Amended Petition.

48.     HydraForce denies the allegations contained in Paragraph 76, including subparagraphs (a) through (c) of Count V of Plaintiffs' Amended Petition.

### COUNT VI (Negligence-HydraForce, Inc.)

49.     HydraForce, in response to Paragraph 77 of Plaintiff's Amended Petition, restates and incorporates by reference its answers to Paragraphs 1 through 76 of Plaintiffs' Amended Petition.

50.     HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 78 of Count VI of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

8

51. HydraForce denies the allegations contained in Paragraph 79, including subparagraphs (a) through (f) of Count VI of Plaintiffs' Amended Petition.

52. HydraForce denies the allegations contained in Paragraph 80 of Count VI of Plaintiffs' Amended Petition.

53. HydraForce admits Plaintiffs sustained damage as a result of decedent's death, but denies any wrongdoing on the part of Hydraforce as to the cause of the alleged damages and denies the extent of the alleged damages as contained in Paragraph 81 including subparagraphs (a) through (c)(iv) of Count VI of Plaintiffs' Amended Petition.

54. HydraForce denies the allegations contained in Paragraph 82, including subparagraphs (a) through (c) of Count VI of Plaintiffs' Amended Petition.

## COUNT VII (Failure to Warn- HydraForce, Inc.)

55. HydraForce, in response to Paragraph 83 of Plaintiff's Amended Petition, restates and incorporates by reference its answers to Paragraphs 1 through 82 of Plaintiffs' Amended Petition.

56. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 84 of Count VII of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

57. HydraForce denies the allegations contained in Paragraph 85 of Count VII of Plaintiffs' Amended Petition.

58. HydraForce denies the allegations contained in Paragraph 86 of Count VII of Plaintiffs' Amended Petition.

59. HydraForce denies the allegations contained in Paragraph 87 of Count VII of Plaintiffs' Amended Petition.

9

60.     HydraForce denies the allegations contained in Paragraph 88 of Count VII of Plaintiffs' Amended Petition.

61.     HydraForce denies the allegations contained in Paragraph 89, including subparagraphs (a) through (d) of Count VII of Plaintiffs' Amended Petition.

62.     HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 90 of Count VII of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

63.     HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 91 of Count VII of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

64.     HydraForce denies the allegations contained in Paragraph 92 of Count VII of Plaintiffs' Amended Petition.

65.     HydraForce denies the allegations contained in Paragraph 93 of Count VII of Plaintiffs' Amended Petition.

66.     HydraForce denies the allegations contained in Paragraph 94 of Count VII of Plaintiffs' Amended Petition.

67.     HydraForce denies the allegations contained in Paragraph 95 of Count VII of Plaintiffs' Amended Petition.

68.     HydraForce admits Plaintiffs sustained damage as a result of decedent's death, but denies any wrongdoing on the part of Hydraforce as to the cause of the alleged damages and denies the extent of the alleged damages as contained in Paragraph 96 including subparagraphs (a) through (c)(iv) of Count VII of Plaintiffs' Amended Petition.

10

69. HydraForce denies the allegations contained in Paragraph 97, including subparagraphs (a) through (c) of Count VII of Plaintiffs' Amended Petition.

### COUNT VIII (Supplying a Dangerous Chattel or Product- HydraForce, Inc.)

70. HydraForce, in response to Paragraph 98 of Plaintiff's Amended Petition, restates and incorporates by reference its answers to Paragraphs 1 through 97 of Plaintiffs' Amended Petition.

71. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 99 of Count VIII of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

72. HydraForce is without sufficient information to either admit or deny the allegations contained in Paragraph 100 of Count VIII of Plaintiffs' Amended Petition, therefore denies each and every allegation contained therein.

73. HydraForce denies the allegations contained in Paragraph 101 of Count VIII of Plaintiffs' Amended Petition.

74. HydraForce denies the allegations contained in Paragraph 102 of Count VIII of Plaintiffs' Amended Petition and restates and incorporates by reference its answers to Counts V, VI and VII of Plaintiffs' Amended Petition.

75. HydraForce denies the allegations contained in Paragraph 103 of Count VIII of Plaintiffs' Amended Petition.

76. HydraForce denies the allegations contained in Paragraph 104 of Count VIII of Plaintiffs' Amended Petition.

77. HydraForce denies the allegations contained in Paragraph 105 of Count VIII of Plaintiffs' Amended Petition.

11

78. HydraForce denies the allegations contained in Paragraph 106 of Count VIII of Plaintiffs' Amended Petition.

79. HydraForce denies the allegations contained in Paragraph 107 of Count VIII of Plaintiffs' Amended Petition.

80. HydraForce denies the allegations contained in Paragraph 108 of Count VIII of Plaintiffs' Amended Petition.

81. HydraForce denies the allegations contained in Paragraph 109 of Count VIII of Plaintiffs' Amended Petition.

82. HydraForce denies the allegations contained in Paragraph 110 of Count VIII of Plaintiffs' Amended Petition.

83. HydraForce denies the allegations contained in Paragraph 111 of Count VIII of Plaintiffs' Amended Petition.

84. HydraForce denies the allegations contained in Paragraph 112 of Count VIII of Plaintiffs' Amended Petition.

85. HydraForce admits Plaintiffs sustained damage as a result of decedent's death, but denies any wrongdoing on the part of Hydraforce as to the cause of the alleged damages and denies the extent of the alleged damages as contained in Paragraph 113 including subparagraphs (a) through (c)(iv) of Count VIII of Plaintiffs' Amended Petition.

86. HydraForce denies the allegations contained in Paragraph 114, including subparagraphs (a) through (c) of Count VIII of Plaintiffs' Amended Petition.

### COUNT IX (Negligence- United Rentals, Inc.)

87. HydraForce, in response to Paragraph 115 of Plaintiff's Amended Petition, restates

12

and incorporates by reference its answers to Paragraphs 1 through 114 of Plaintiffs' Amended Petition.

88.    As Count IX of Plaintiffs' Amended Petition, including Paragraphs 116, 117, 118, 119 and 120, including all subparagraphs, asserts a claim for relief against defendant United Rentals, Inc. only and does not attempt to state a cause of action against HydraForce, HydraForce is not required to answer thereto.  To the extent an answer is required of HydraForce, it incorporates by reference its responses to all facts and allegations in its answer to Plaintiffs' Amended Petition as if fully set forth herein and denies all allegations contained in this Count.

## COUNT X (Failure to Warn- United Rentals, Inc.)

89.    HydraForce, in response to Paragraph 121 of Plaintiff's Amended Petition, restates and incorporates by reference its answers to Paragraphs 1 through 120 of Plaintiffs' Amended Petition.

90.    As Count X of Plaintiffs' Amended Petition, including Paragraphs 122, 123, 124, 125, 126, 127, 128 and 129, including all subparagraphs, asserts a claim for relief against defendant United Rentals, Inc. only and does not attempt to state a cause of action against HydraForce, HydraForce is not required to answer thereto.  To the extent an answer is required of HydraForce, it incorporates by reference its responses to all facts and allegations in its answer to Plaintiffs' Amended Petition as if fully set forth herein and denies all allegations contained in this Count.

## COUNT XI (Supplying a Dangerous Instrument and Product- United Rentals, Inc.)

91.    HydraForce, in response to Paragraph 130 of Plaintiff's Amended Petition, restates and incorporates by reference its answers to Paragraphs 1 through 129 of Plaintiffs' Amended Petition.

13

92.     As Count XI of Plaintiffs' Amended Petition, including Paragraphs 131, 132, 133, 134, 135, 136, 137, 138, 13 and 140, including all subparagraphs, asserts a claim for relief against defendant United Rentals, Inc. only and does not attempt to state a cause of action against HydraForce, HydraForce is not required to answer thereto. To the extent an answer is required of HydraForce, it incorporates by reference its responses to all facts and allegations in its answer to Plaintiffs' Amended Petition as if fully set forth herein and denies all allegations contained in this Count.

### COUNT XII (Res Ipsa Loquitur- United Rentals, Inc.)

93.     HydraForce, in response to Paragraph 141 of Plaintiff's Amended Petition, restates and incorporates by reference its answers to Paragraphs 1 through 140 of Plaintiffs' Amended Petition.

94.     As Count XII of Plaintiffs' Amended Petition, including Paragraphs 142, 143, 144, 145, 146, 147 and 148, including all subparagraphs, asserts a claim for relief against defendant United Rentals, Inc. only and does not attempt to state a cause of action against HydraForce, HydraForce is not required to answer thereto. To the extent an answer is required of HydraForce, it incorporates by reference its responses to all facts and allegations in its answer to Plaintiffs' Amended Petition as if fully set forth herein and denies all allegations contained in this Count.

### COUNT XIII (Respondeat Superior- United Rentals, Inc.)

95.     HydraForce, in response to Paragraph 149 of Plaintiff's Amended Petition, restates and incorporates by reference its answers to Paragraphs 1 through 148 of Plaintiffs' Amended Petition.

14

96.     As Count XIII of Plaintiffs' Amended Petition, including Paragraphs 150, 151, 152, 153 and 154, including all subparagraphs, asserts a claim for relief against defendant United Rentals, Inc. only and does not attempt to state a cause of action against HydraForce, HydraForce is not required to answer thereto.  To the extent an answer is required of HydraForce, it incorporates by reference its responses to all facts and allegations in its answer to Plaintiffs' Amended Petition as if fully set forth herein and denies all allegations contained in this Count.

## COUNT XIV (Negligence- Bryan C. Wanner)

97.     HydraForce, in response to Paragraph 155 of Plaintiff's Amended Petition, restates and incorporates by reference its answers to Paragraphs 1 through 154 of Plaintiffs' Amended Petition.

98.     As Count XIV of Plaintiffs' Amended Petition, including Paragraphs 156, 157, 158, 159, and 160, including all subparagraphs, asserts a claim for relief against defendant Bryan C. Wanner only and does not attempt to state a cause of action against HydraForce, HydraForce is not required to answer thereto.  To the extent an answer is required of HydraForce, it incorporates by reference its responses to all facts and allegations in its answer to Plaintiffs' Amended Petition as if fully set forth herein and denies all allegations contained in this Count.

## COUNT XV (Negligence- Kyle Kintner

99.     HydraForce, in response to Paragraph 161 of Plaintiff's Amended Petition, restates and incorporates by reference its answers to Paragraphs 1 through 160 of Plaintiffs' Amended Petition.

100.    As Count XV of Plaintiffs' Amended Petition, including Paragraphs 162, 163, 164, 165 and 166, including all subparagraphs, asserts a claim for relief against defendant Kyle Kintner

15

only and does not attempt to state a cause of action against HydraForce, HydraForce is not required to answer thereto. To the extent an answer is required of HydraForce, it incorporates by reference its responses to all facts and allegations in its answer to Plaintiffs' Amended Petition as if fully set forth herein and denies all allegations contained in this Count.

## COUNT XVI (Negligence- Charles A. Johr)

101.     HydraForce, in response to Paragraph 167 of Plaintiff's Amended Petition, restates and incorporates by reference its answers to Paragraphs 1 through 166 of Plaintiffs' Amended Petition.

102.     As Count XVI of Plaintiffs' Amended Petition, including Paragraphs 168, 169, 170, 171 and 172, including all subparagraphs, asserts a claim for relief against defendant Charles A. Johr only and does not attempt to state a cause of action against HydraForce, HydraForce is not required to answer thereto. To the extent an answer is required of HydraForce, it incorporates by reference its responses to all facts and allegations in its answer to Plaintiffs' Amended Petition as if fully set forth herein and denies all allegations contained in this Count.

## Affirmative Defenses

1.     Plaintiffs' Amended Petition fails to state a claim, cause of action, or sufficient facts, upon which relief may be granted against HydraForce.

2.     HydraForce affirmatively states that if Plaintiffs sustained any loss, which HydraForce specifically denies, Plaintiffs have failed to mitigate his alleged damages.

3.     Plaintiffs' claims against HydraForce are to be reduced as a matter of law, by the amount of any settlement, release, covenant not to sue or covenant not to enforce a judgment, that may occur prior to or during trial, pursuant to § 537.060, RSMo. 2005.

16

4.      While specifically denying the allegations of Plaintiffs concerning liability, injuries and damages, to the extent that Plaintiffs may be able to prove those allegations, which HydraForce specifically denies, then in that event, HydraForce states that it was the result of intervening acts and/or superceding negligence on the part of a person or persons over whom HydraForce had neither control nor right to control, including, but not limited to, co-defendants JLG Industries, Inc., United Rentals, Inc., Bryan Wanner, Kyle Kintner and Charles Johr committing one or more of the acts of negligence alleged in Plaintiffs' Amended Petition.

5.      HydraForce affirmatively states that, if Plaintiffs sustained any injuries or damages as alleged, which HydraForce specifically denies, the same were caused or contributed to be caused, in whole or in part, by the contributory or comparative negligence or fault or other culpable conduct of some other party over whom HydraForce lacked control or the right to control, and not as a result of any negligence, or any other culpable conduct on the part of HydraForce, to wit Co-defendants JLG Industries, Inc. United Rentals, Inc., Bryan Wanner, Kyle Kintner and Charles Johr committed one or more of the acts of negligence alleged in Plaintiffs' Amended Petition.

Accordingly, Plaintiffs should be barred from recovery against HydraForce or, in the alternative, the recovery against HydraForce should be reduced due to the contributory or comparative negligence or fault, or other culpable conduct of some other party over whom HydraForce lacked control or the right to control, and HydraForce hereby requests a percentage allocation of the same.

6.      Joint and several liability, as enacted by the legislature or based in judicial decisions, is unconstitutional and when applied to the facts of this matter, it violates HydraForce's rights under the Constitution of the United States and under similar provisions under the Constitution of the State

17

of Missouri, including, but not limited to the due process and equal protection provision under the Fifth and Fourteenth Amendments of the Constitution of the United States and similar protections afforded by the Constitution of the State of Missouri under Article I, Section 2, and Article I, Section 10, and any law of the State of Missouri which permit plaintiffs to recover under the theory of joint and severely liability.

7. HydraForce states that in the event HydraForce is found to be at fault by the trier of fact, which fault HydraForce expressly denies, HydraForce denies joint and several liability for any of Plaintiffs' injury or damage as set forth under § 537.067, RSMo 2005. In such circumstance, HydraForce is only responsible for that percentage of fault apportioned to it by the trier of fact.

8. If Plaintiffs sustained any damages, which HydraForce specifically denies, then Plaintiffs' damages are to be limited in accordance with § 537.090 RSMo.

9. HydraForce states that if Plaintiffs sustained any damages or suffered injury, which HydraForce specifically denies, then others misused and/or altered the product as described in Plaintiffs' Amended Petition and said misuse and/or alteration resulted in the alleged damages or injuries to Plaintiffs.

10. HydraForce further states that if Plaintiffs sustained damages or suffered injuries, which HydraForce specifically denies, then other persons used HydraForce's product, in an unreasonable manner, not reasonably foreseeable to HydraForce and for a purpose for which the products were not intended, manufactured or designed; and that the alleged damages or injury to the Plaintiffs, if any, which HydraForce specifically denies, were directly or proximately caused by said misuse and abuse and Plaintiffs' recovery herein, if any, is barred or must be diminished in proportion to the fault attributable to such other parties or persons against HydraForce.

18

11.     While specifically denying Plaintiffs' allegations concerning liability, injury, and damages, to the extent that Plaintiffs may be able to prove those allegations, which HydraForce specifically denies, HydraForce further states that at all times and places mentioned in Plaintiffs' Amended Petition, others without HydraForce's knowledge and approval, redesigned, modified, altered, and used HydraForce's product contrary to instructions and contrary to the custom and practice of the industry; that this redesign, modification, alteration and use so substantially changed the product's character that if there was an alleged defect in the product, which HydraForce specifically denies, such alleged defect resulted solely from the redesign, modification, alteration or other such treatment or change and not from any act or omission by HydraForce and, therefore, any alleged defect, if any, which HydraForce specifically denies, was created by other persons as the case may be and was the direct and proximate cause of said damage or injury, if any, that the Plaintiffs allegedly suffered and that by reason thereof Plaintiffs are not entitled to recovery herein against HydraForce.

12.     HydraForce states that HydraForce's product which allegedly caused Plaintiffs' damages, if any, which specifically denies, was in compliance with the state of the art, the prevailing industry standards, as well as the federal or state statutes or administrative regulations existing at the time, and these were within the prescribed standards for design, inspection, testing, manufacturing, labeling, warning, and instruction for use of said product.

13.     For further answer, HydraForce states, in accordance with the provisions of §537.764, RSMo., that the state of the art with respect to the alleged prior act of HydraForce was such that if the product was dangerous in any respect, which HydraForce denies, then such dangerous nature was

not known and could not reasonably be discovered at the time the said product was placed in the stream of commerce, and that by reason of the state of art as aforesaid, a complete defense exists as to Plaintiffs' Amended Petition.

14.     If any of the allegations of Plaintiffs with respect to the allegedly defective condition of HydraForce's product is proven, the Plaintiffs are barred from any recovery due to the fact that there was no known substitute for such product at the time of the incident complained of herein.

15.     HydraForce reserves the right to amend this answer to Plaintiffs' Amended Petition and plead such affirmative defenses as are disclosed by further investigation and discovery.

WHEREFORE, HydraForce, having fully and completely answered Plaintiffs' First Amended Petition, requests the Court to enter judgment in his favor and against Plaintiffs, for its costs herein expended and for such other and further relief as the Court may deem just and reasonable

/s/ Lee M. Baty
Lee M. Baty, Esq. (#29547)
Karen L. Lloyd, Esq. (#60771)
BATY, HOLM, NUMRICH & OTTO P.C.
4600 Madison Avenue, Suite 210
Kansas City, MO 64112-3012
lbaty@batyholm.com
klloyd@batyholm.com
Telephone:     816-531-7200
Telecopy:       816-531-7201
ATTORNEYS FOR DEFENDANT
HYDRAFORCE, INC.

20

***Certificate of Electronic Filing***

I hereby certify that on March 15, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Grant Q. Haden, Esq.
David R. Adair, Esq.
HADEN, COWHERD & BULLOCK, L.L.C.
2135 East Sunshine, Suite 203
Springfield, MO 65804-1899
ghaden@hcblawfirm.com
dadair@hcblawfirm.com
Telephone:     417-883-5535
Telecopy:      417-883-5541
ATTORNEYS FOR PLAINTIFFS

James C. Morrow, Esq.
Morrow Willnauer Klosterman Church, L.L.C.
Executive Hills East, Building A
10401 Holmes Road, Suite 300
Kansas City, MO 64131
Telephone:     816-382-1382
Telecopy:      816-382-1383

Kyle M. Rowley, Esq.
Giorgio Caflisch
Holloway, Rowley & Caflisch, P.C.
1415 Louisiana Suite 2550
Houston, TX 77002
Telephone:     713-751-0055
Telecopy:      713-751-0057

ATTORNEYS FOR DEFENDANT
JLG INDUSTRIES, INC.

21

Lyndon P. Sommer, Esq.
Sandberg Phoenix and von Gontard P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101-1313
ATTORNEYS FOR DEFENDANTS
UNITED RENTALS, INC. BRYAN C. WANNER,
KYLE KINTNER, and CHARLES JOHR


_/s/ Lee M. Baty_ _____
Attorneys for Defendant