# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Laura Goodman, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4-11-cv-00258-FJG |
| JLG Industries, Inc. et al. | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is Defendants United Rentals, Inc., Bryan C. Wanner, Kyle Kintner, and Charles A. Johr's Joint Motion to Dismiss for Failure to State a Claim (Doc. No. 7), Plaintiffs' Motion to Remand (Doc. No. 13), and Defendants JLG Industries Inc. and Hydraforce Inc.'s Motion for Leave to File Sur-Reply Memorandum in Opposition to Plaintiffs' Motion to Remand (Doc. No. 29). We conclude that this Court has no subject matter jurisdiction over this case as no diversity exists between the parties, thereby making removal of this case improper. Therefore, the Court hereby **GRANTS** plaintiffs' motion to remand (Doc. No. 13). Defendants remaining motions are denied as moot.

### I. BACKGROUND

This is a wrongful death action brought by the surviving spouse and children of Ryan B. Goodman who was killed in a construction accident while operating JLG 1250 Boom Lift on November 20, 2009, in Jackson County, Missouri. Plaintiffs, all Missouri residents, filed

this action in the Circuit Court of Jackson County, Missouri, on January 14, 2011. Plaintiffs asserted claims in negligence and strict liability against JLG Industries, a Pennsylvania Corporation, the manufacturer of the boom lift, and Hydraforce, an Illinois Corporation, the manufacturer of the boom lift's "enable valve." In addition, plaintiffs brought negligence and strict liability claims against United Rentals, a Delaware corporation, the owner of the boom lift, and three United employees: Wanner, a mechanic who allegedly serviced the boom lift, Kyle Kintner, the operations manager for aerial equipment, and Charles A. Johr, the sales coordinator. All of the individual employee defendants are residents of Missouri. (Defendants' Exhibit A to Defendants' Notice of Removal, Doc. No. 1).

Defendants JLG and Hydraforce removed this case based on diversity jurisdiction on March 10, 2011. (Doc. No. 1). Plaintiffs then filed a motion to remand on March 23, 2011, alleging that removal is improper because no diversity jurisdiction exists because the employee defendants are all residents of Missouri. (Doc. No. 13). JLG and Hydraforce opposed remand, however, claiming that jurisdiction exists because the employee defendants were fraudulently joined in order to defeat diversity jurisdiction.(Doc. No. 27).

## II. STANDARD

"Joinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal. " <u>Anderson v Home Ins. Co.</u>, 724 F.2d 82, 84 (8th Cir. 1983). The Eighth Circuit has articulated the considerations relevant to determining whether joinder is fraudulent:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. It is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained. However, if there is a 'colorable' cause of action - that is, if the state law might impose liability on

2

the resident defendant under the facts alleged- then there is no fraudulent joinder. As we recently stated in Wiles [v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002)], joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. . . . Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003)(internal citations and quotations omitted).

In Barnes v Dolgencorp. Inc., No 06-0632-CV -W-ODS, 2006 WL 2664443 (W.D. Mo. Sept. 14,2006), the court explained the relevant inquiry:

In conducting this inquiry, the Court must resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor, but the Court has not responsibility to *definitively* settle the ambiguous question of state law. . . . Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant. . . . Where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide. . . . Finally, the party seeking removal and opposing remand has the burden of demonstrating that federal jurisdiction exists.

Id. at *1 (internal citations and quotations omitted).

### III. DISCUSSION

Defendants argue that the employee defendants have been fraudulently joined because plaintiffs can not establish any cause of action under Missouri law. Defendants direct us to Gregorecz v NES Rental Holdings Inc., 2008 WL 441649 (E.D. Mo. Feb 14, 2008), which they contend controls this case and establishes that because the defendant employees were not "suppliers" of the boom lift, there can be no cause of action for negligence under Missouri law.

The elements of a claim for negligence under Missouri law are: (1) the defendant had a legal duty to use ordinary care to protect plaintiff from injuries, (2) breach of that duty,

3

(3) proximate cause between the breach and resulting injury, and (4) actual damages to the plaintiff's person or property. Phelps v Bross, 73 S.W.3d 651, 657 (Mo. Ct. App. 2002). To establish a claim for supplying a dangerous instrumentality a plaintiff must allege, among other elements, that the defendant supplied the dangerous instrumentality. Bland v IMCO Recycling Inc., 67 S.W.3d 673, 682 - 83 (Mo. Ct. App. 2002).

Similar to the plaintiffs in this case, the plaintiff in Gregorecz, alleged that NES Rentals and one of its employees received a Field Service Bulletin regarding an alleged defect in a scissor lift and failed to take corrective action. Id. at * 1. After the plaintiff was injured in a scissor lift accident, plaintiff sued NES and the employee alleging that they were negligent in supplying a defective product and in failing to warn the plaintiff of the dangerous condition. The district court denied plaintiff's motion for remand, concluding that plaintiff failed to state a claim against the employee because the employee did not constitute a "supplier" of the lift under Missouri law. Id. at * 3-4.

As we learned in Wilkinson v Shackelford, however, our inquiry in analyzing fraudulent joinder is whether plaintiff "might have a colorable claim under state law against a fellow resident, not on the artfulness of the pleadings." 478 F.3d 957, 964 (8th Cir. 2007)(internal quotation and citation omitted). Plaintiffs' allegations against at least one of the employees, Bryan Wanner, are far different than those made against the employee in Gregorecz and are not limited to supplying a dangerous instrumentality. The employee in Gregorecz, was the rental manager who answered the telephone for NES and did "nothing more than complete the paperwork relevant to the rental of the scissor lift." Id. at *4. See also Santoyo v Bear Lakes Holdings, Inc., 2010 WL 2522745 (W.D. Mo. 2010)(defendant did not act as a supplier as he merely acted as a middleman in receipt and delivery of a rifle). In comparison, plaintiffs here allege that Wanner performed service

4

or preventive maintenance on the boom lift on October 14, 2009, the month preceding the accident.

In Missouri, an employee may be personally liable to third parties when he breaches some duty which he owes to such third parties. State ex rel. Kyger v Koehr, 831 S.W.2d 953, 956 (Mo. Ct. App. 1992). "The test is whether he has breached his legal duty or been negligent with respect to something over which he did have control." Id. See also Reeb v Wal-Mart Stores, Inc., 902 F. Supp. 185, 188-89 (E.D. Mo. 1995). Count XIV of Plaintiffs' First Amended Petition alleges that Wanner had a "duty to exercise reasonable care in . . . maintaining and continual monitoring of safety concerns for products put into the stream of commerce." In addition, the petition alleges that Wanner failed to properly service the boom lift on October 14, 2009, and failed to insure:

> I. That the Boom Lift did not have debris or contamination in the hydraulic fluid.
> ii. That the cylinder valves on the tower boom did not have back flow when subjected to pressure;
> iii. That the enable valves were working properly;
> iv. The Boom Lift did not sustain a failure in its hydraulic system which resulted in the tip over;
> v. The Boom Lift did not lack adequate filter(s) designed to prevent hydraulic system failure and subsequent tip over;
> vi. The Boom Lift did not lack interlocks or safety features to prevent, in the case of hydraulic system failure, tip over of the machine.
> vii. It did not lack adequate safety features, that if present would have prevented and/or decreased the likelihood of the Boom Lift failing and resulting in the death of Ryan;
> viii. That it was not likely to be made reasonably safe before being put to the use defendants expected it to be put to.

These allegations go beyond a theory of negligent supply of a dangerous instrumentality and include specific examples of possible negligence in Wanner's servicing of the boom lift. In Cooper v Praxair, Inc., No. 07-CV-119-CEJ, 2007 W.L. 4372798 (E.D.

Mo. 2007), the Eastern District of Missouri remanded a case presenting analogous facts, concluding that the defendant employees "knew or should have known" that the handling and storage of compressed gas cylinders would be the proximate cause of damage to plaintiffs, and such knowledge creates a duty as a matter of Missouri law. Id. Thus, the facts alleged in plaintiffs' first amended petition satisfy this Court that there is a reasonable basis for believing that Missouri might impose liability for negligence against at least one of the employees, which is all that is required to defeat a fraudulent joinder challenge. See 28 U.S.C. § 1441(b) (removal of a civil action from state court to federal court based on diversity of citizenship only if none of the properly joined defendants are citizens of the state where the action was originally filed).

Defendants also contend that there is no reasonable basis in fact for plaintiffs' claims. They argue that the 2008 JLG Field Service Bulletin identified by plaintiffs does not apply to the subject boom lift and was never received by the defendant employees. They also contend that Wanner had no duty to disassemble the lift and search for alleged hidden defects in its component parts as part of a routine rental inspection. These arguments, however, ignore our direction that all contested fact issues must be resolved in favor of plaintiffs and are also beyond the scope of our inquiry in determining fraudulent joinder. See Filla, 336 F.3d at 811; Monroe v Consolidated Freightways, Inc., 654 F. Supp. 661, 663 (E.D. Mo. 1987)("all contested fact issues must be resolved in favor of plaintiffs"). Even when the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." Filla, 336 F.3d at 811 (quoting Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977)).

Because colorable state law claims exist against defendant Wanner, the Court concludes that defendant Wanner was not fraudulently joined. Thus, this Court has no subject matter jurisdiction over this case as no diversity exists between the parties, thereby making removal of this case improper. Therefore, the Court hereby **GRANTS** plaintiffs' motion to remand (Doc. No. 13).

### IV. CONCLUSION

Accordingly, for the above stated reasons, Plaintiffs' Motion for Remand is **GRANTED** (Doc. No. 13) and all other remaining pending motions are **DENIED AS MOOT**: Defendants Joint Motion to Dismiss for Failure to State a Claim (Doc. No. 7); Defendant Hydraforce's Motion for leave to file Sur-Reply Memorandum in Opposition to Plaintiffs' Motion to Remand (Doc. No. 29); and Joint Motion for Protective Order (Doc. No. 34).

**IT IS SO ORDERED.**

Date: 06/22/11　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge